IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALIREZA BAKHTIARI, # 39383-044, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>J. WALTON, )<br>UNITED STATES of AMERICA, )<br>M. WINKLMEIER, M. BAGWELL, )<br>D. SZOKE, L. DUNCAN, )<br>J. BAGWELL, and R. STRAUSS, )<br>)<br>Defendants. ) | Case No. 13-906-JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the United States Prison at Marion, Illinois ("Marion"), brings this *pro se* action seeking emergency injunctive relief. He asserts that his constitutional rights have been violated by Defendants' failure to provide him with necessary medical care. He seeks an order requiring Defendants to provide him with treatment, or to transfer him to a facility where his medical needs can be met. Further, he claims that he is being improperly held in a medium to high security facility, despite his classification as a low security risk. Plaintiff invokes 28 U.S.C. § 2241 as grounds for his request to be transferred to a low-security institution.

More specifically, Plaintiff claims that when he was sent to Marion in January 2013 to serve his 51-month sentence, he was suffering from chest pain which extended to his jaw and left arm (Doc. 1, p. 3). This pain and an "unusual" heartbeat prevented him from sleeping. A blood test showed he had "alarmingly high" cholesterol. *Id*. He sought medical care from Defendants

Duncan (physician's assistant) and Szoke (medical doctor), but his sick call slips were ignored. In February, he finally saw Defendant Szoke, who told him he did not need any treatment. Plaintiff then requested pain medication from Defendant Duncan, who refused to provide any. Instead, Defendant Duncan advised Plaintiff to watch his diet and exercise.  Plaintiff protested that he had been doing this all his life but still had the pain he described.

Plaintiff's chest pain continued without relief for several months.  In March and July 2013, he again sought medical help.  He saw Defendant Duncan on July 25, 2013, and was told that Defendant Szoke no longer worked at Marion, and there would be some delay before he could see the new doctor.  Defendant Duncan said Plaintiff could be developing angina pectoris, but gave him no treatment.

Plaintiff's chest pains became worse in August 2013, so he filed a grievance (BP-8) with Defendants Winklmeier (Health Services Administrator) and M. Bagwell (Assistant Health Services Administrator) (Doc. 1, p. 4).  Further, in each ensuing week he spoke personally with Defendant Walton (warden), as well as Defendants Winklmeier and M. Bagwell to complain of his intensified pain and need for medical care.  These Defendants told him to wait until his BP-8 was adjudicated.

On August 21, 2013, Plaintiff submitted another urgent BP-8 seeking treatment.  On August 26, 2013, Plaintiff suffered heart failure while in his cell; he was taken to Health Services for treatment (Doc. 1, p. 5).  Plaintiff now seeks an emergency injunction requiring Defendants to provide him with proper medical care, or in the alternative, to transfer him to a facility equipped to care for cardiac patients (Doc. 1, pp. 6-8).

As to his security level and placement, Plaintiff asserts that he has a security point score of +6, and should be housed in a minimum security camp under the applicable rules of the

Bureau of Prisons ("BOP") (Doc. 1, p. 5). He claims that his sentencing judge in the Eastern District of Missouri ordered the BOP to place him in a camp. However, BOP has used a "discretionary variable" to place him in a medium/high security prison, where he is housed with inmates having security point scores of 20 and above. Plaintiff has requested Defendants Walton and Strauss (case manager) to provide him with copies of the documents used to apply this "discretionary variable," but they refused. Citing 28 U.S.C. § 2241, Plaintiff seeks an injunction requiring Defendants to house him in a prison camp, or a low-security facility near his home town of St. Louis (Doc. 1, p. 7).

Finally, Plaintiff complains that two officers (neither of whom is named as a Defendant) removed documents from his legal files that he needs to prosecute this case. Therefore, he also seeks an injunction ordering the Defendants to preserve all evidence relating to his claims (Doc. 1, p. 9).

Plaintiff specifically states that he is not seeking monetary damages (Doc. 1, p. 2).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

At the outset, some discussion is in order regarding the appropriate legal framework within which to evaluate Plaintiff's claims. He asserts that the failure to provide medical treatment violates the Eighth Amendment prohibition against cruel and unusual punishment, as well as the BOP's duty of care outlined in 18 U.S.C. § 4042 (Doc. 1, pp. 6-8). He also characterizes this action as a challenge to the execution of his sentence under 28 U.S.C. §2241.

Because Plaintiff's claims involve alleged violations of his constitutional rights by persons acting under the color of federal authority, the Court shall construe this action as having been brought pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The distinction between a civil rights claim under *Bivens* and a § 2241 challenge to the execution of a

prisoner's sentence shall be discussed further below.

Plaintiff labeled his initial pleading as a "Petition for Emergency Injunction by Person in Federal Custody" (Doc. 1). This document is construed both as his initial complaint, and, because of the nature of the relief sought, it shall be considered as a motion for temporary restraining order ("TRO") and preliminary injunction.

Under § 1915A, the Court is required to conduct a prompt threshold review of a complaint brought by a prisoner, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable Eighth Amendment claim against Defendants Duncan, Szoke, Walton, Winklmeier, and M. Bagwell for deliberate indifference to his serious medical needs **(Count 1).** However,

because Plaintiff is seeking injunctive relief only, Defendant Szoke, who according to Plaintiff's pleading is no longer an employee of the prison, shall be dismissed from the action without prejudice. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

However, Plaintiff's allegations that he has suffered a constitutional deprivation by being improperly assigned to a medium/high security facility **(Count 2)** fail to state a claim upon which relief may be granted, and shall be dismissed.

**Dismissal of Count 2**

Although Plaintiff has invoked 28 U.S.C. § 2241 as the authority for seeking injunctive relief in what he characterizes as a challenge to the "execution of his sentence," his claim is in essence a challenge to the conditions of his confinement. *See Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to see if correct statute is being invoked). A petition under § 2241 for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody- whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). If, however, the prisoner "is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of confinement and his remedy is under civil rights law." *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). An example of a challenge to the execution of a sentence, such as in *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998), cited by Plaintiff, is a claim that a prisoner has completed his required term of

incarceration or parole, and should be released.

Changes in a prisoner's security level or changes in confinement from one prison to another cannot be attacked using 28 U.S.C. § 2241. *See Bunn,* 309 F.3d at 1008; *DeWalt v. Carter*, 224 F.3d 607, 617 (7th Cir. 2000); *Graham*, 922 F.2d at 381; *Pischke,* 178 F.3d at 499 (habeas is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in some meaningful sense"). Even if Plaintiff were granted a transfer to a different institution, such a move would not result in a "quantum change" in his level of custody as defined by the above authorities. Thus, § 2241 does not apply.

Further, Plaintiff does not have a viable civil rights claim with reference to his placement. The BOP, under 18 U.S.C. § 4081, is given broad discretion to assign security classifications to prisoners in its custody. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (Congress, through 18 U.S.C. § 4081, has given federal officials full discretion to control prisoner classification). *See also Marchesani v. McCune*, 531 F.2d 459, 462 (10th Cir. 1976) ("the control and management of federal penal institutions lies within the sound discretion of the responsible administrative agency, and judicial review [of an inmates' prison classification] will be granted only upon a showing that prison officials have exercised their discretionary powers in such a manner as to constitute clear abuse or caprice"). Plaintiff's allegations do not indicate that the officials who placed him at Marion abused their discretion or acted in a capricious manner.

It is well established that no constitutional violation occurs when a prisoner is improperly classified or assigned to a housing unit with higher security or more restrictions than his classification might warrant. "[P]risoners possess neither liberty nor property in their classifications and prison assignments." *DeTomaso v. McGinnis*, 970 F.2d 211, 212 (7th Cir. 1992) (citing *Montanye v. Haymes*, 427 U.S. 236 (1976)); s*ee also Moody*, 429 U.S. at 88 n.9

(due process protections are not implicated by prisoner classification within the BOP). The Seventh Circuit has recognized that a prisoner "does not possess sufficient statutory or constitutional entitlement in his classification or eligibility for institutional programs to trigger due process protection." *Solomon v. Benson*, 563 F.2d 339, 342 (7th Cir. 1977) (citing *Moody*, 429 U.S. at 88).

Therefore, Plaintiff's allegations regarding his prison assignment do not state a constitutional claim upon which relief may be granted. Count 2 against Defendants Walton and Strauss shall be dismissed with prejudice, and no further consideration shall be given to Plaintiff's request for a transfer on the basis of his security classification.

**Dismissal of Defendants J. Bagwell and the United States of America**

Plaintiff does not include any allegations against Defendant J. Bagwell (the computer services manager) in the body of his pleading. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Accordingly, Defendant J. Bagwell shall be dismissed from this action without prejudice.

Similarly, Plaintiff has made no allegations against the United States as an entity, nor is he seeking damages in this action. Instead, he has made it clear that he wants injunctive relief only. In that instance, the appropriate defendants are the federal officials who would be

responsible for carrying out such relief, if any is ordered. See 5 U.S.C. § 702; *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Pursuant to § 1915A, Defendant United States of America shall also be dismissed without prejudice.

**Pending Motions**

Without opinion as to the ultimate merits of Plaintiff's motion for injunctive relief as to **Count 1** (deliberate indifference to serious medical needs), the Court's preliminary review dictates that this request for injunctive relief deserves prompt consideration. Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's motion for TRO/preliminary injunction (Doc. 1) is hereby **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for an evidentiary hearing and issuance of a report and recommendation. Judge Frazier shall set an evidentiary hearing as soon as practicable, in light of the time necessary to effect service of summons and for receipt of the Defendants' responses to the motions for injunctive relief. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Frazier.

Plaintiff has filed a motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 2), in which he states that he has no current employment. However, he has not tendered a certified copy of his inmate trust fund account statement. The Court has requested a trust fund statement for the six-month period immediately preceding the filing of this case from the USP-Marion, but to date has not received information sufficient to determine the amount of Plaintiff's initial partial payment. Based on the information in Plaintiff's motion, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is appropriate to permit him to proceed IFP in this case without full prepayment of the fee. At such time as the Court receives from the institution's Trust Fund Officer the certified copy of Plaintiff's trust fund

account statement as requested, the Court will enter an order authorizing the Trust Fund Officer to deduct from Plaintiff's trust fund account the initial partial filing fee, and to forward this payment to the Clerk of Court. The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full. To conclude, Plaintiff's motion to proceed IFP in this case (Doc. 2) is **GRANTED**. The Clerk of Court is directed to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Marion.

Plaintiff's motion for summons and service of process (Doc. 3) is **GRANTED IN PART AND DENIED IN PART.** Summons shall be issued as ordered below for those Defendants who remain in the action, however, no service shall be ordered on the dismissed Defendants.

**Disposition**

COUNT 2 is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. Defendant **STRAUSS** is **DISMISSED** from the action with prejudice. Defendants **UNITED STATES of AMERICA, SZOKE,** and **J. BAGWELL** are **DISMISSED** from this action without prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **WALTON, WINKLMEIER, M. BAGWELL,** and **DUNCAN**. The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint/ motion for TRO and preliminary injunction (Doc. 1), and this Memorandum and Order. The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 10 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon Defendants **WALTON,**

**WINKLMEIER, M. BAGWELL,** and **DUNCAN**, the service packets containing the summons, form USM-285, a copy of the complaint/ motion for TRO and preliminary injunction (Doc. 1), and this Memorandum and Order.  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.  The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Frazier for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 4, 2013**

*s/J. Phil Gilbert*  
United States District Judge
