IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALIREZA BAKHTIARI,            ) | |
| )                                            | |
| Plaintiff,                     ) | |
| )                                            | |
| vs.                              )             | Case No. 3:13-906-JPG-PMF |
| )                                            | |
| J. WALTON, et al.,            ) | |
| )                                            | |
| Defendants.                 ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's petition for an emergency injunction (Doc. No. 1). Alireza Bakhtiari filed his petition seeking medical care or a transfer to a heart facility or federal facility equipped to care for a patient with cardiac damage. A response is on file (Doc. No. 26). A hearing was held on November 4, 2013.

Plaintiff is a federal prisoner, confined at USM-Marion. He is 37 years old. He suffers from subjective symptoms that may be related to possible heart disease and/or elevated levels of total blood cholesterol: persistent chest pain aggravated with activities involving movement or climbing, pain in his jaw, pain in his neck, pain in his left arm, and weakness. On August 26, 2013, his symptoms became so severe, he felt that he could not stand and almost fainted. He was transported to the health services department on a gurney and was evaluated by Leslee Duncan, a physician's assistant. Duncan listened to Bakhtiari's subjective complaints, checked his vital signs, examined him, and tested his heart function with a 12-lead EKG. The results appeared normal and did not show interference with blood flowing through the vessels in the heart. Duncan assessed unspecified chest pain and directed Bakhtiari to return to the health care unit immediately if his condition worsened. Otherwise, he was advised to follow up the next

morning or at sick call as needed. Duncan's report was reviewed by Dr. Harvey on August 27, 2013.

Bakhtiari's pain level ranges from 3 to 9 on a ten-point scale. He has not experienced a severe episode since August 26, 2013, but continues to suffer constant pain that intensifies with any movement. Generally, he is able to obtain partial relief of symptoms by lying down and resting.

Bakhtiari's recent medical condition has been evaluated by a number of health professionals. Blood and urine samples were drawn and test results (indicating triglyceride result of 203 and cholesterol result of 241) were reviewed by Dr. David Szoke, a medical doctor, on February 20, 2013. Bakhtiari met with a physician's assistant twice in July, 2013, twice in August, 2013, and four times in September, 2013. He met with Patrick Cunningham, a registered nurse, and Dr. Robert King, a doctor of osteopathy, at a mental health clinic on September 10, 2013.[1] Dr. King ordered a second EKG test, which was performed on September 20, 2013. The test result was interpreted as normal. Dr. King suspects that Bakhtiari might be experiencing stomach pain rather than heart pain. He encouraged Bakhtiari to take antacid when he felt pain in his chest and to notify staff if his symptoms changed. Radiology films of Bakhtiari's chest and spine were read by a radiologist and reviewed by Dr. Harvey on October 1, 2013. On October 15, 2013, Bakhtiari's medical record was reviewed and someone formed the opinion that appropriate evaluations were conducted and appropriate plans of care were developed. At the hearing, defendant Winklmeier, a registered nurse with prior experience in cardiac care, testified that he reviewed Bakhtiari's records and formed the impression that the

---

[1] Bakhtiari has been diagnosed with post-traumatic stress disorder and regularly takes prescribed medications for that ailment (Buspirone and Fluoxetine). He also received a prescription for acetaminophen for headache pain in September, 2013.

subjective symptoms were not corroborated by objective signs and indicators of a cardiac ailment. Bakhtiari followed Dr. King's advice and took antacid pills. He has notified prison staff that the antacids did not provide significant relief of his symptoms. At the hearing, Bakhtiari was able to participate and articulate his position without obvious distress. He appeared to be in fairly good health, from a layman's perspective. Bakhtiari has initiated the prison's administrative remedy procedure. The process has not been completed. He is currently confined in a special housing unit (SHU), where his activities are restricted. He awaits a follow-up visit with Dr. Harvey or Dr. King, which will likely take place in the near future.

In order to establish a violation of the Eighth Amendment in a case involving medical care, the plaintiff must show two things: that he had a serious medical need and that a defendant was deliberately indifferent to it. A difference of opinion regarding the way in which a medical condition is to be treated does not give rise to a constitutional violation. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Garvin v. Armstrong*, 236 F.3d 896 (7th Cir. 2001).

In order to establish that he is entitled to emergency or preliminary injunctive relief, Bakhtiari must show that he has some likelihood of success on the merits of his claim, that he does not have an adequate remedy at law, and that he will suffer irreparable harm if the injunction is not granted. *Exell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011). The Court must also consider the public interest, weighing factors in a sliding scale approach. *Christian Legal Society v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006). Injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm, and be the least intrusive means necessary to correct the harm. 18 U.S.C. § 3626(a)(2).

On review of the exhibits and testimony, the Court is not persuaded that Bakhtiari has a likelihood of success showing that he suffered heart failure or some other severe cardiac event or

ailment, that the defendants responded to a known risk of serious harm with deliberate indifference, or that irreparable harm will occur if the Court does not provide some form of emergency relief.  Moreover, the relief requested – a transfer to another facility – is not the least intrusive means to correct any ongoing harm.  The most appropriate relief would be attention from a physician who is familiar with Bakhtiari's background and current condition.  This can be and is being provided at USP-Marion.

IT IS RECOMMENDED that the emergency petition (Doc. No. 1) be DENIED.  This action should be dismissed.

**SUBMITTED:  November 5, 2013 .**

     **s/Philip M. Frazier**
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**