UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALIREZA BAKHTIARI,

      Plaintiff,

    v.

J. WALTON, UNITED STATES of
AMERICA, M. WINKLMEIER, M.
BAGWELL, D. SZOKE, L. DUNCAN, J.
BAGWELL, and R. STRAUSS,

      Defendants.

Case No. 13-cv-906-JPG

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Alireza Bakhtiari's motion to set aside the judgment and for sanctions against the defendants (Doc. 47) and motion for a copy of his docket sheet (Doc. 46).

The Court construes Bakhtiari's first motion as pursuant to Federal Rule of Civil Procedure 59(e).   Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures.   *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).   It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment."   *Moro*, 91 F.3d at 876.   Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief.   *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).   Bakhtiari has pointed to nothing suggesting the Court's original finding that he had failed

to exhaust his administrative remedies regarding the issues in this case was in error.   Therefore, the Court **DENIES** his motion for reconsideration and for sanctions.

As for Bakhtiari's request for a free copy of his docket sheet, litigants have no constitutional right to a complimentary copy of any document in their court files.   *See United States v. Groce,* 838 F. Supp. 411, 413, 414 (E.D. Wis. 1993).   Before providing copies free of charge, a district court may require the requestor to show: (1) that he has exhausted *all* other means of access to his files (*i.e.*, through his trial and appellate counsel), (2) that he is financially unable to secure access to his court files (*i.e.*, through a showing similar to that required in 28 U.S.C. § 1915(a)(2) which includes a certified copy of the prisoner's trust account for the previous six-month period prior to filing), and (3) that the documents requested are necessary for the preparation of some specific non-frivolous court action.   *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980);   *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977); *Groce*, 838 F. Supp. at 413-14.   These minimal requirements do not impose any substantial burden to financially unable prisoners who desire their records be sent to them at government expense. Bakhtiari has not satisfied the second and third requirement.   For this reason, the Court **DENIES** the motion for copies **without prejudice** (Doc. 46).

**IT IS SO ORDERED.**
**DATED:   February 28, 2014**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

2