UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALIREZA BAKHTIARI,

    Plaintiff,

  v.

J. WALTON, UNITED STATES of
AMERICA, M. WINKLMEIER, M.
BAGWELL, D. SZOKE, L. DUNCAN, J.
BAGWELL, and R. STRAUSS,

    Defendants.

Case No. 13-cv-906-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Alireza Bakhtiari's motion to certify a class (Doc. 54) and motion to reopen case (Doc. 55).

The Court construes Bakhtiari's second motion as pursuant to Federal Rule of Civil Procedure 60(b) because it was filed more than 28 days after entry of judgment.  It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citing *Dickerson v. Board of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)).   Rule 60(b) allows a court "to address mistakes attributable to special circumstances and not merely to erroneous applications of law."  *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995).   The rule authorizes a Court to grant relief from judgment for the specific reasons listed in the rule but does not authorize action in response to general pleas for relief.  See *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995).   It is also not an appropriate vehicle for addressing simple legal error, for rehashing old arguments, or for presenting arguments that should have been raised before the court made its decision.  *Russell*, 51 F.3d at 749; *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000);

*Young*, 161 F.R.D. at 62; *In re Oil Spill by "Amoco Cadiz,"* 794 F. Supp. 261, 267 (N.D. Ill. 1992), *aff'd*, 4 F.3d 997 (7th Cir. 1993) (Table).   Bakhtiari says nothing in his motion for reconsideration that amounts to the exceptional circumstances required by Rule 60(b) to justify relieving him of the Court's February 10, 2014, judgment dismissing this case without prejudice for failure to exhaust administrative remedies.   Indeed, his motion confirms that he had not exhausted his administrative remedies before filing this lawsuit in August 2013.   Accordingly, the Court **DENIES** the motion (Doc. 55).   In light of the fact that final judgment has been entered in this case, Bakhtiari's motion for class certification (Doc. 54) is **DENIED as moot.**

**IT IS SO ORDERED.**
**DATED:   July 14, 2014**

                                             s/J. Phil Gilbert
                                             **J. PHIL GILBERT**
                                             **DISTRICT JUDGE**